**O'Mara Enterprise, Inc.**
v.
**Heritage Bank**
*[Cite as 8 AOA 302]*

*Case No. 89-J-40*

*Jefferson County, (7th)*
*Decided December 17, 1990*

James C. Carpenter, 366 E. Broad Street, Columbus, Ohio 43215 and Adam E. Scurti, Suite 200, Sinclair Bldg., P.O. Box 249, Steubenville, Ohio 43952, for Plaintiffs-Appellants, O'Mara.

Dominic J. Bianco, 204 Bank One Bldg., Steubenville, Ohio 43952 and Anthony P. Picadio, Suite 3180, USX Tower, 600 Grant Street, Pittsburgh, Pa. 15219, for Defendants-Appellees.

Terry Thompson, Route #1, Box 56 Bakers' Lane, Toronto, Ohio 43964 and Michael A. Calabria, William D. Campbell, 421 Market Street, Steubenville, Ohio 43952, for Miners and Mechanics Savings & Trust Co.

Andrew W. Warhola, Bank Ohio Building, 3rd Floor, 749 Wheeling Avenue, Cambridge, Ohio 43725, for Appellee, Central National Bank (of Campbridge) nka Bank Ohio National Bank.

O'NEILL, P.J.

This cause originated in the trial court when the plaintiffs appellants filed complaints alleging conversion, breach of contract, negligence and statutory uniform commercial code violations on the part of the defendants-appellees, Heritage Bank, and the Miners and Mechanics Savings & Trust Co. Essentially, the facts of the case are quite simple. O'Mara Enterprise, Inc., the appellant, was, at all times pertinent, a West Virginia corporation, having its principal place of business in Steubenville, Ohio. The appellant maintained corporate checking accounts with the appellees, Miners and Mechanics Savings and Heritage Bank. The

Gail Smith Development Company performed certain bookkeeping, auditing and comptrolling functions for the appellant, including the calculation of withholding tax deposits, as well as the writing of the checks to cover the tax deposits and reconciliation of the O'Mara check books. Periodically, Smith would deposit with one of the defendant banks a check drawn in favor of the bank as a means of paying over to the government the calculated federal withholding taxes. These checks, properly signed by O'Mara,together with the federal withholding tax computer punch card, were eventually paid over to the federal government by the depository bank. Each one of these checks designated the payee as Heritage Bank. Eventually, these checks were deposited with the defendant banks with an endorsement on the reverse side which read as follows:

"Pay to the order of First National Bank and Trust Co. in Steubenville, Ohio, for deposit only. Gail Smith Development."

This endorsement then bore the signature "W. Gail Smith." As these checks were presented to the bank, no agent or officer of the bank ever questioned the propriety of the deposits being paid to other than the named payee and, accordingly, the Heritage Bank also placed its check collection stamp on the checks as follows:

"Pay any bank, P.E.G. Heritage Bank, Toronto, Ohio."

As a result of these conditional endorsements, $400,000.00 in funds was diverted from the federal withholding tax account of O'Mara to the account of Gail Smith Development. O'Mara never authorized, approved or directed payment or deposit of any checks in question into the account of Gail Smith Development Company.

The Travelers Insurance Company is a party-appellant in this case pursuant to their insurance issued to O'Mara under which Travelers agreed to indemnify O'Mara for any monetary losses by fraudulent or dishonest acts of its employees. Pursuant to the terms of that policy, Travelers Insurance paid O'Mara Enterprises the sum of $85,500.00 in accordance with the terms of a settlement agreement between Travelers and O'Mara.

Following discovery and answer, all parties involved filed motions for summary judgment and the trial court eventually denied the motions filed by the plaintiffs-

appellants and sustained the motions of the defendants-appellees.

A timely notice of appeal was filed from that judgment.

It is our opinion that a recent case, from the Ohio Supreme Court, is dispositive of the issues herein involved and merits a reversal of the trial court's judgment and a remand for further proceedings. In the case of *Master Chemical Corp. v. Inkrott* (1990), 55 Ohio St. 3d 23, the Supreme Court ruled, by way of syllabus:

"In an action against a bank for wrongful payment of a check deposited, where the payee-bank presents the defense that it dealt with an individial knowing him to be a fiduciary, the drawer-depositor, in order to successfully maintain such action, must show that the bank had actual knowledge of the fiduciary's breach of the fiduciary obligation, or that the bank had knowledge of such facts that its actions in paying the checks amounted to bad faith, or that the fiduciary was indebted to the bank and the funds were applied to that indebtedness. (R.C. 1339.09, construed and applied.)"

As a part of its dicta, the Supreme Court also stated:

"In applying the common law, courts across the country have found uniformly that when a check is drawn to the order of a bank, the drawer has indicated his intention to place the funds in the bank's custody. *** The bank is not entitled to treat the check as bearer paper. *** Once the payee bank accepts custody and control of the funds, it can justify dispensing the funds only in compliance with the instructions of the drawer. *** If the payee bank assumes, without investigation, that the instructions of the presenter are those of the drawer, the payee bank does so at the risk of discovering that no such directions were given by the drawer. The payee bank becomes liable for the misdirected funds." (p.25)

It is our opinion that, based upon the aforecited case, the judgment of the trial court, granting judgment to the defendants-appellees, is reversed and this cause is remanded to the trial court for further proceedings according to law and along with the principles enunciated in the *Master Chemical* case. For the same reason, the judgment of the trial court, denying judgment to the plaintiffs-appellants, is vacated. Judgment is not entered in behalf of the plaintiffs-appellants but, rather, the case is remanded to the trial court for consideration of the principles enunciated in this opinion and, especially, by the Supreme Court in the case of *Master Chemical Corp.*

DONOFRIO, J., concurs., COX, J., concurs.